UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT BARNES, )
 )
       Petitioner, )
 )
v. ) CAUSE NO. 3:16-CV-133 RM
 )
 )
SUPERINTENDENT, )
 )
       Respondent. )

OPINION AND ORDER

Robert Barnes, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary sanction. Mr. Barnes was found guilty in Cause No. ISP-16-01-0102 of security threat group (i.e., gang) activity. Among other sanctions, he lost 60 days of earned credit time. After Mr. Barnes filed this petition, the Indiana Department of Correction ("IDOC") vacated the sanctions and remanded the case for a new hearing. Based on the IDOC's action, the respondent moves to dismiss the petition as moot. As the respondent points out, because the sanctions have been vacated and the case remanded for a new hearing, there is at present nothing for this court to review. *See* Hadley v. Holmes, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge prison disciplinary determination in habeas proceeding only when it resulted in a sanction that lengthened the duration of his confinement).

Mr. Barnes has filed two documents in opposition to the motion. He argues that the petition shouldnt be dismissed because he already endured certain sanctions as a result of

the case. He appears to refer to having temporarily lost phone and commissary privileges as a result of the guilty finding. This isn't a basis for keeping his habeas petition alive. These losses of privileges affect the "severity" rather than the "duration" of custody. Montgomery v. Anderson, 262 F.3d 641, 643 (7th Cir. 2001). As the court of appeals has explained, "[m]ore restrictive custody must be challenged under § 1983, in the uncommon circumstance when it can be challenged at all." Id.

Mr. Barnes also appears to argue that prison officials shouldn't be allowed to try him again on the same charge. To the extent he is trying to raise a double jeopardy challenge, his argument is unavailing, because double jeopardy principles don't apply in the prison disciplinary context. See Meeks v. McBride, 81 F.3d 717, 722 (7th Cir. 1996). Accordingly, the court dismisses the petition. If Mr. Barnes is dissatisfied with the results of the new hearing, he can file a new habeas petition after exhausting his administrative remedies.

For the reasons set forth above, the respondent's motion (DE 5) is GRANTED, and the petition (DE 1) is DISMISSED.

SO ORDERED.

ENTERED: July  12 , 2016                              /s/ Robert L. Miller, Jr.
                                                                                                     Judge
                                                                                                     United States District Court